UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMPLOYEE PAINTERS' TRUST HEALTH AND WELFARE TRUST FUND,<br><br>                    Plaintiff,<br><br>          v.<br><br>GUS TORRES, et al.,<br><br>                    Defendants. | CASE NO. C08-0785JLR<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR RENEWAL OF JUDGMENTS |

Before the court is Plaintiff Employee Painters' Trust Health and Welfare Fund's ("the Trust") motion for renewal of judgments. (Mot. (Dkt. # 22).) The Trust seeks 10 additional years in which to execute judgments the court previously entered against Defendants Gus Torres and Jane Doe Torres, husband and wife and the marital community comprised thereof, d/b/a ABZ Painting ("Defendants"). (*See* 10/15/08 J. (Dkt. # 16) at 2 (awarding the Trust default judgment against Defendants in the amount of $9,530.76 for unpaid contributions); 10/23/08 J. (Dkt. # 18) at 2 (awarding the Trust

default judgment against Defendants for audit fees and attorneys' fees in the amount of $5,532.13).)

In reviewing the Trust's motion and supporting materials, the court identified multiple errors. First, the Trust states in its motion that the balance on the October 23, 2008, judgment is $5,532.13, and that interest on that judgment now amounts to $217.14. (Mot. at 2.) Yet, the Trust also states that the "total second judgment balance with interest" is $6,221.94 (*id.*)—an amount that exceeds the total of $5,532.13 and $217.14 by several hundred dollars.

Moreover, the court identified discrepancies between the numbers set forth in the Trust's motion and the declaration of Michael Urban, the Trust's attorney. (*See* Urban Decl. (Dkt. # 22-1).) Mr. Urban attests in his declaration that post-judgment interest on the October 23, 2008, judgment totals $689.81, an amount that does not appear in the motion itself. (Urban Decl. ¶ 9; *see generally* Mot.) Additionally, Mr. Urban's declaration asserts that with respect to the October 23, 2008, judgment, the Trust is owed a balance of $5,532.13, post-judgment interest in the amount of $689.81, and interest on liquidated damages and prejudgment interest in the amount of $217.14, "for a total Second Judgment balance of $6,221.94." (*Id.*) Yet when added together, these amounts total $6,439.08, not $6,221.94. Finally, the court attempted to reconcile Mr. Urban's declaration with the table provided in Exhibit 3 (*see* Urban Decl. ¶ 9, Ex. 3) but was unsuccessful. The court declines to perform for the Trust the task of locating evidentiary support for its motion. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929

//

1  (9th Cir. 2003) ("[J]udges are not like pigs, hunting for truffles buried in briefs.")

2  (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

3       These errors undermine the court's confidence in the accuracy of the Trust's

4  submissions. Thus, the court directs the Trust to correct the errors or provide a detailed

5  explanation as to why the identified deficiencies are not, in fact, errors. The court also

6  directs the Trust to scrupulously review its entire submission for accuracy prior to refiling

7  an amended motion for renewal of judgments.

8       Based on the foregoing analysis, the court DENIES the Trust's motion for default

9  judgment (Dkt. # 22) WITHOUT PREJUDICE to refiling with the corrections discussed

10  herein. The court ORDERS the Trust to refile an amended motion for renewal of

11  judgments within fourteen (14) days of the date of this order.

12       Dated this 2nd day of November, 2018.

13

14

15  The Honorable James L. Robart
   U.S. District Court Judge

16

17

18

19

20

21

22